IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MONICA GRAHAM FARMER,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-17-0567 |
| **MACY'S INC.,** *et al.,* | * | Adversary Proceeding: LSS-16-0350 |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Monica Graham Farmer originally filed this case as an Adversary Proceeding against Defendants Macy's Inc. and Macy's Retail Holdings, Inc. in the United States Bankruptcy Court for the District of Maryland, *see Farmer v. Macy's Inc.*, AP No. LSS-16-0350, within her Chapter 13 bankruptcy case, *see In re Farmer*, BK No. LSS-14-15219. In the Adversary Complaint, Plaintiff alleges various claims of employment discrimination based on age, disability, and race against her former employer, Macy's. Doc. 1.[1] Now pending before this Court is Plaintiff's Motion to Withdraw the Reference to the Bankruptcy Court and Transfer Proceedings to the U.S. District Court for the District of Maryland, ECF No. 1. Defendants have not entered an appearance in this matter. Upon consideration of the Motion to Withdraw the Reference and relevant authorities, the Motion shall be granted, and the action transferred to the U.S. District Court for the District of Maryland as a civil action.

---

[1] Docket entries in the Adversary Proceeding, *Farmer v. Macy's Inc.*, AP No. 16-0350, are denoted herein as "Doc." Following a hearing before the Bankruptcy Judge on January 11, 2017, during which the Bankruptcy Judge indicated her belief that jurisdiction over the Adversary Proceeding was lacking, Plaintiff was prompted to file a Motion to Withdraw the Reference. *See* Doc. 20.

I.  DISCUSSION

In general, the District Court has "original and exclusive jurisdiction of all cases under title 11," the Bankruptcy Code. *In re TMST, Inc.*, No. 09-17787 NVA, 2015 WL 4080077, at *3 (D. Md. July 6, 2015) (citing 28 U.S.C. § 1334(a)). The District Court may, however, refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." *Id.* (citing 28 U.S.C. § 157(a)); *see also* Loc. R. 402 (D. Md. July 1, 2016).[2] By the same token, the District Court can withdraw the reference of the case to the Bankruptcy Court. 28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157 (d). If the proceeding in the bankruptcy court comes under the second clause of § 157(d), "it triggers mandatory withdrawal and, upon timely motion, the proceeding must be removed to the district court." *Mooring Capital Fund, LLC v. Sullivan*, No. 3:16-CV-74, 2016 WL 4628572, at *4 (N.D. W. Va. Sept. 6, 2016). If the proceeding comes under the first clause, "it triggers permissive withdrawal and the district court will conduct a review of six factors to

---

[2] 28 U.S.C. § 157(b)(1) authorizes bankruptcy courts to "hear and determine all cases under title 11 and all *core* proceedings arising under title 11, or arising in a case under title 11," subject to appellate review by the district courts. 28 U.S.C. § 157(b)(1) (emphasis added). In a "non-core" proceeding, but that is otherwise related to a case under Title 11, the bankruptcy court can only submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). Following the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011), and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014), it was further held that even for some "core" proceedings, bankruptcy courts do not have constitutional authority to enter final judgments, despite their statutory authority to adjudicate those matters under § 157(b). *See In re TMST, Inc.*, No. 09-17787 NVA, 2015 WL 4080077, at *4 (D. Md. July 6, 2015) (discussing *Stern* and *Arkison*).

2

determine whether it should exercise its discretion to withdraw the reference to the bankruptcy court." *Id.*

With respect to mandatory withdrawal, "[t]he great weight of the case law interpreting § 157(d) holds that this seemingly broad language . . . should be narrowly read." *In re Merryweather Importers, Inc.*, 179 B.R. 61, 62 (D. Md. 1995) (compiling cases). Indeed, "mandatory withdrawal should only be made where substantial and material consideration of non-bankruptcy statutes is necessary in the case." *Id.* Therefore, whereas cases involving "federal questions that are complex or are of first impression must be withdrawn from reference," cases that merely involve "straightforward application of federal statutes to a particular set of facts" would not come under the ambit of mandatory withdrawal. *Id.* Although Plaintiff's Complaint alleges claims under various federal employment discrimination statutes, the Court does not find mandatory withdrawal to be required. Nonetheless, because the Court agrees that permissive withdrawal is appropriate, it need not definitely resolve whether mandatory withdrawal applies in this case.

Regarding permissive withdrawal, the District Court "has broad discretion in deciding whether reference should be withdrawn for cause shown." *In re Millennium Studios, Inc.*, 286 B.R. 300, 303 (D. Md. 2002). In determining whether cause exists for withdrawal, the Court considers "the following factors: (1) whether the matter at issue between the parties is 'core' within the meaning of Section 157(b)(2) of the Bankruptcy Code; (2) uniformity of bankruptcy administration; (3) forum shopping; (4) conservation of creditor and debtor resources; (5) expediency of the bankruptcy proceeding; (6) the likelihood of a jury trial." *Albert v. Site Mgmt., Inc.*, 506 B.R. 453, 455 (D. Md. 2014); *see also In re Merryweather Importers, Inc.*, 179 B.R. 61, 63 (D. Md. 1995) (noting that with respect to the sixth factor, "the fact that only equitable

issues are posed, not requiring a jury trial, falling within the traditional equitable powers of a bankruptcy judge as chancellor" would counsel in favor of keeping the case in bankruptcy court). "It is the movant's burden to show cause for the permissive withdrawal of reference to bankruptcy court." *Albert*, 506 B.R. at 455 (citing *Millennium Studios*, 286 B.R. at 303).

In response to the Court's Letter Order dated July 12, 2017, Plaintiff submitted her brief in support of the Motion to Withdraw the Reference. ECF No. 5. The Court finds that, applying the above-mentioned factors set forth in *Albert* and *In re Merryweather*, withdrawing the reference to the Bankruptcy Court is appropriate. First, the Adversary Proceeding, asserting solely employment discrimination claims under the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981, does not constitute a "core" bankruptcy proceeding within the meaning of Section 157(b)(2) of the Bankruptcy Code. "[C]ore proceedings are those matters integral to the core bankruptcy function of restructuring debtor-creditor rights, including all necessary aspects of a bankruptcy case." *Edgcomb Metals Co. v. Eastmet Corp.*, 89 B.R. 546, 548 (D. Md. 1988) (internal citations and quotations marks omitted). Such proceedings are "generally defined as a controversy that 'would have no practical existence *but for* the bankruptcy." *Albert*, 506 B.R. at 456 (citing *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003)) (emphasis in original). Plaintiff's employment discrimination claims are plainly not integral to bankruptcy functions and therefore are not core. *Cf. In re Millennium Studios, Inc.*, 286 B.R. 300, 306 (D. Md. 2002) (withdrawing reference of Plaintiff's state contract and tort claims; reasoning that despite "the close and significant relationship between Plaintiff's claims and its bankruptcy case . . . with regard to the substantive law on which Plaintiff's claims are based, this adversary proceeding is not related enough to the field of bankruptcy law to be appropriately subject to the jurisdiction of and final determination by a

bankruptcy court."); *In re Commerce, LLC*, No. AP 15-69-JFS, 2015 WL 4055477, at *2 (D. Md. July 1, 2015) (withdrawing reference of Plaintiff's unjust enrichment claims and noting "[t]his action is clearly not a 'core' proceeding.").

Application of the remaining factors also counsel in favor of withdrawing the reference. The uniformity of bankruptcy administration will not be negatively impacted, and it is more expedient to try the case in District Court, as the Adversary Proceeding involves subject matter not typically handled by the Bankruptcy Court. *See Allen v. Nat'l City Mortg.*, No. 2:04 MC 188, 2006 WL 3899997, at *2 (S.D.W. Va. July 13, 2006) (granting motion to withdraw and noting that "[w]ithdrawing the reference certainly will not affect the uniform administration of bankruptcy law because the Amended Complaint raises issues governed by non-Title 11 law."). The Court further finds that the risk of forum shopping by the Plaintiff is low, as the Bankruptcy Court itself recommended that Plaintiff file a motion to withdraw the reference or face dismissal of the Complaint. *See* Doc. 20.

Finally, Fed. R. Civ. P. 38 provides that where the right to jury trial is provided by the Constitution or statute, a party may demand a jury trial. Once demanded, "trial on all issues so demanded must be by jury unless . . . the court, on motion or its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). In the Adversary Complaint, Plaintiff has requested monetary damages and a jury trial. *See* Doc. 1 at 34. Additionally, and for that reason, creditor and debtor resources would likely be conserved by transferring the action to the District Court sooner rather than later. Accordingly, permissive withdrawal is proper.

## II.     CONCLUSION

For the reasons stated above, Plaintiff's Motion to Withdraw the Reference, ECF No. 1, is granted. The Court will address Defendants' default in forthcoming proceedings. A separate Order shall issue.

Dated: August  13 , 2017

_____
GEORGE J. HAZEL
United States District Judge